THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
RAFAEL VIRUET ROSA k/a MARTÍN VIRUET ROSA, Defendant and Appellant.

No. 16323.   Submitted May 5, 1958.—Decided May 19, 1958.

*Juan Mari Bras* for appellant.   *J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General, Alfredo Archilla Guenard* and *William Fred Santiago, Fiscal* and *Assistant Fiscal of the Supreme Court*, respectively, for appellee.

PER CURIAM.

The appellant was charged with violating § 4 of Act No. 220 of 1948 (Sess. Laws, p. 738), known as *Bolita* Act.[1]

[1] Section 4 of Act No. 220 provides in its pertinent part as follows:

"Any person caught carrying or transporting or who has in his possession for any reason any *papeleta, billete*, ticket, notebook, list of number or letters, slips, or implements which can be used for the unlawful games of *bolita, bolipool*, combinations connected with the pools or *bancas* of the race tracks of Puerto Rico, and clandestine lotteries, and any person who possesses, sells, or in any way transports these or any other similar ones which may be utilized or used in said unlawful games *or* connected with the practice thereof, shall be guilty of a public offense. . . ."   (Italicized *or* ours.)

The motion for suppression of evidence having been denied and the trial having been held, the defendant was found guilty and sentenced to six months' imprisonment. Feeling aggrieved by this judgment, he took the present appeal. He maintains that the trial court committed manifest error in weighing the evidence and, consequently, in not decreeing the peremptory acquittal of the defendant. He alleges that the evidence offered and admitted did not connect the material found in the possession of the appellant with the operation of the *bolita* game, a necessary requirement according to the case of *People* v. *Mantilla*, 71 P.R.R. 35 (1950).

■■ It appears from the record that a search was carried out in the defendant's residence by several police officers, who found in a drawer of a table a piece of paper, square in shape, containing two three-digit numbers followed by a dash and a number on the right side. That piece of paper was offered and admitted in evidence without objection by the defendant. Emilio Torres, one of the police officers who carried out the search, testified the following immediately after identifying the paper:

"What is meant by *bolita* and *bolipool?* How do you bet on it?

It is a clandestine lottery consisting of so many thousands, that is, from 000 up to 999, and you bet on it in combination with the last three figures of the Puerto Rican Lottery. The person favored by that three-digit number wins a prize—a cash prize.

DISTRICT ATTORNEY: What relation is there between the three-digit numbers followed by a dash and the *bolita* game?

WITNESS: That the three-digit number, for example, the three-digit number itself is the number you bet on, and the number on the right side is the amount of money you are betting.

That is all with the witness."

---

According to the interpretation placed by this Court in *People* v. *Mantilla*, 71 P.R.R. 35, 41 (1950), the conjunction "*or*" (in italics) should be substituted by the conjunction "*and.*"

That was the entire documentary and oral evidence offered by The People and which was not controverted. The defendant offered no evidence at all. He now maintains that "in this case The People of Puerto Rico did not establish any connection between the small piece of paper seized and the *bolita* game," and that ". . . there is no evidence that the defendant was betting on the *bolita* by means of that piece of paper, not even that he was using that paper, or that he was at home at the time of the search. Nor is there any evidence that the defendant was a *bolipool* bettor or fixer."

Appellant is not right. Section 4 of Act No. 220 punishes the mere possession of *bolita* material. As stated in the *Mantilla* case, *supra* (at 49), in discussing this question at length, ". . . a different question is presented . . . where as here the materials are not susceptible of innocent use but are of such a nature that they could be used for no purpose other than to operate a *bolita* game. Under the latter circumstances, a violation of § 4 is established by proof of possession of such materials; no additional evidence of connection with a *bolita* game is required precisely because the materials themselves establish the said connection." The possession of such material by the defendant having been established the legal precept has been complied with and, consequently, it is not necessary to prove other elements of relationship between the defendant and the *bolita* material.

█ It could be argued that in this case, contrary to the *Mantilla* case,[2] the only witness presented by The People

---

[2] "In the fourth and fifth assignments the defendant attacks the weighing of the evidence by the lower court. The testimony shows that three detectives searched the house of the defendant pursuant to a search warrant; that among the things found were lists with numbers of three figures, followed by a dash and another number; that *bolita* is played by betting on a number with three figures; that in a *bolita* list, the first number is the number on which the bet is placed; that the number following the dash is the amount which is bet; *and that these lists were bolita numbers, as they answered the foregoing description of lists of bolita numbers.*" (Art. 49.) (Italics ours.)

did not expressly aver that the numbers seized in appellant's house were *bolita* numbers, but he merely described in general the manner of betting on the *bolita*. However, once the numbers seized in defendant's house were admitted in evidence, which numbers are of the kind described as *bolita* numbers by the witness for the prosecution, and since the defendant offered no evidence to refute the manner of betting on the *bolita* described by the witness, or to explain the source of the numbers, it is obvious that the requirement of proof has been met, and the lower court acted correctly in concluding that the numbers offered in evidence could be used for no purpose other than for the *bolita* game. Furthermore, we have described on several occasions what in Puerto Rico constitutes typical material of the *bolita* game —*People* v. *Mantilla, supra; People* v. *Franchi*, 78 P.R.R. 296, 299 (1955) ; *People* v. *Rivera de Jesús*, 79 P.R.R. 697, 704 (1956)—and the numbers seized from the appellant squarely fit that description.

The judgment of the Superior Court will be affirmed.